# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DUKHAN MUMIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-01056 SRW |
| | ) |
| CHRIS CLARKE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of Dukhan Mumin for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. After review of the financial information, the Court will grant plaintiff's motion. However, after reviewing the record in this matter, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief

above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Related Case

According to publicly-available documents in a civil case plaintiff filed in the United States District Court for the District of Nebraska, *Mumin v. Mehta, et al.,* 8:24-CV-197 (D. Neb June 24, 2024), plaintiff was hired to work at a Popeye's Chicken as a cook on or about August 6, 2022, at 61st and Ames Avenue in Omaha, Nebraska. On or about August 12, 2022, or approximately six days into his employment, plaintiff was at work when an altercation occurred at the store between one of the employees, Kara Conrad, and a female customer. Plaintiff claimed that he was sitting

in the dining area of the store at the time of the altercation, when Conrad allegedly grabbed a knife and proceeded to come out from behind the counter and "accost" a female customer. Plaintiff claims that he moved to intervene, stepped in between the two individuals, physically restrained Conrad, convinced the customer to leave the store, and walked the customer out. Plaintiff alleged that when he returned to the store, Conrad began screaming at him, and he then left the store and reported the incident. However, on August 12, 2022, plaintiff was terminated from his employment with Popeye's. Plaintiff claimed that he was told that he was terminated because he refused to do his training and was using the company phone to call friends and family. *Id.*

Plaintiff reported his termination to the United States Department of Labor, apparently asserting that the termination was in violation of the Fair Labor Standards Act (FLSA). He then filed a lawsuit, on March 8, 2023, in Douglas County Court in Nebraska against Ashina Mehta (Human Resources Manager), Kara Conrad, Laura Shuster (District Manager), and Eat Out Now d/b/a as Popeye's Chicken. *See Mumin v. Mehta et al.,* Case No. CI23-1763. In his complaint, plaintiff alleged violations of the Fair Labor Standards Act, retaliatory discharge and negligence. In October of 2023, plaintiff filed an amended complaint in *Mumin v. Mehta et al.,* Case No. CI23-1763, and he once again asserted similar claims for relief.

Popeye's filed a motion to dismiss the amended complaint, which the Douglas County District Court granted on December 14, 2023. *Id.* Mumin appealed to the Nebraska Court of Appeals, but failed to timely file a brief and the court dismissed the case due to Mumin's failure to prosecute the appeal. The Nebraska Court of Appeals issued a Mandate to the Douglas County District Court, which dismissed the case on April 15, 2024.

Despite the dismissal of plaintiff's state case, he filed essentially the same case against defendants Mehta, Conrad, Shuster and Popeye's Chicken in the United States District Court for

3

the District of Nebraska, *see Mumin v. Mehta, et al.,* 8:24-CV-197 (D. Neb June 24, 2024), on May 30, 2024. Defendants filed a notice to the Court of the prior state court case on June 7, 2024. And on June 27, 2024, the District Court dismissed plaintiff's federal court action pursuant to res judicata. *Id.*

## The Complaint

Pro se plaintiff Dukhan Mumin, a resident of Nebraska, brings this action against Department of Labor Investigator Chris Clarke, as well as the Department of Labor,[1] asserting that Clarke denied him "adequate investigation" into his retaliatory discharge claims. Plaintiff asserts that Clarke failed to do his job at the Department of Labor and as a result, he was unable to pursue claims against Popeye's for the events in *Mumin v. Mehta et al.,* Case No. CI23-1763 and *Mumin v. Mehta, et al.,* 8:24-CV-197 (D. Neb June 24, 2024).

Plaintiff seeks to recover damages and to have the Court order Clarke to properly investigate his retaliatory discharge.

## Discussion

Plaintiff indicates that he is suing defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon v. Petray,* 795 F.3d 777, 789 n.7 (8th Cir. 2015). The body of case law regarding § 1983 applies to *Bivens* actions. *Id.* Additionally, the essence of a *Bivens* claim requires that a defendant be a "federal actor."

---

[1] Although plaintiff has named the Department of Labor as a defendant in this action, he has not made specific claims against the Department of Labor.

4

The Court has considered whether the complaint states a valid claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and concludes it does not. The complaint does not present a cause of action that the Supreme Court has previously recognized under *Bivens*, and expanding *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi,* 582 U.S. 120, 121 (2017) (quoting *Iqbal,* 556 U.S. at 675). Congress, not this Court, is best suited to authorize a damages remedy for the claims plaintiff asserts. *See Egbert v. Boule,* 596 U.S. 482, 496 (2022).

Even if this case was the type for which a *Bivens* remedy was available, it would be dismissed. As noted above, plaintiff sues the Department of Labor, and a *Bivens* action cannot be prosecuted against a federal agency. *See Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations"); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against a government official in his official capacity is a suit against the United States, and sovereign immunity precludes prosecution of a *Bivens* action against the United States); *Taylor v. Dir. Off. Info. Pol'y,* No. 4:20-CV-308 DDN, 2020 WL 3971997, at *3 (E.D. Mo. July 13, 2020) (citation omitted) ("[§ 1983] does not authorize redress against federal agencies or officials who were acting under color of federal law.").

Additionally, like plaintiff's case in the District of Nebraska, this Court must also find that plaintiff's Douglas County lawsuit bars the current lawsuit under the doctrine of res judicata. Plaintiff included his FLSA claims within his Douglas County lawsuit which was dismissed on December 14, 2023.[2] Although defendant Chris Clarke was not included in plaintiff's Douglas

---

[2]*See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 64 (8th Cir. 2012) (affirmative defense of res judicata can provide the basis for dismissal under Rule 12(b)(6) where it is apparent from the face of the complaint, including public records embraced by the complaint); *Valentine v. Brown*, No. 8:18CV69,

County lawsuit, he stands in privity with those defendants.³ And it is obvious that plaintiff is attempting to do an end-run around the District of Nebraska's dismissal of his prior case by bringing the present action. The Court will not allow such an endeavor. Such a claim is frivolous and malicious.

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted and will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

2018 WL 5298742 (D. Neb. Oct. 25, 2018) (dismissing pro se plaintiff's complaint on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by claim preclusion).

³"[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). That is, "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Banks v. International Union Electronic, Elec., Technical, Salaries and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). A plaintiff's reliance "on different substantive law and new legal theories does not preclude the operation of res judicata." *Lane v. Peterson*, 899 F.2d 737, 744 (8th Cir. 1990). Rather, res judicata prevents a plaintiff from bringing a claim that "is dressed up to look different," and will bar a second claim based on "a new theory of recovery or…a new body of law…if it is based on the same nucleus of operative facts." *Id.*